# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MEGAN JOHNS, MICHAEL JOHNS, ILZE SANDRA STULTS, ADAM TROMPEN, DANIELLE GALLOWAY, JEFF STEENDAM, and QUINN STEENDAM, on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>WOLVERINE WORLD WIDE, INC., a for profit corporation, and The 3M COMPANY, f/k/a MINNESOTA MINING & MANUFACTURING CO., a foreign profit corporation,<br><br>*Defendants*. | Civil Action No. 1:18-cv-1302<br><br>Kent County Circuit Court<br>Case No.: 18-02078-CE<br><br>NOTICE OF REMOVAL<br><br>JURY TRIAL DEMANDED |

Defendant 3M Company ("3M"), by undersigned counsel, hereby provides notice pursuant to 28 U.S.C. § 1446 of the removal of the above-captioned case from the Circuit Court for the County of Kent, Michigan, to the United States District Court for the Western District of Michigan. Removal is pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA").[1]

**THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

1.   Plaintiffs Megan Johns, Michael Johns, Ilze Sandra Stults, Adam Trompen, Danielle Galloway, Jeff Steendam, and Quinn Steendam commenced this action by filing a Class Action Complaint And Demand For Jury Trial (the "Original Complaint") on or about March 6, 2018 in the Circuit Court for the County of Kent, Michigan. The case was docketed with Case Number 18-02078-CE. Plaintiffs did not serve the Original Complaint on 3M.

---

[1] This case is related to another action, *Zimmerman, et al. v. The 3M Company, et al. ("Zimmerman")*, No. 1:17-cv-01062-JTN-ESC, currently pending before the Honorable Janet T. Neff in the U.S. District Court for the Western District of Michigan.

1

2.  Plaintiffs subsequently filed a First Amended Class Action Complaint And Demand For Jury Trial ("FAC") on or about May 14, 2018. Plaintiffs did not serve the FAC on 3M.

3.  On October 3, 2018, Plaintiffs filed a Second Amended Class Action Complaint And Demand For Jury Trial ("SAC"). Plaintiffs served copies of the SAC and summons on 3M on November 5, 2018. A true and correct copy of the SAC and summons is attached hereto as Exhibit A.

4.  No other process, pleadings, or orders have been served upon 3M.

5.  Under 28 U.S.C. § 1446(b), this Notice of Removal must be filed within 30 days of service of the SAC and summons on 3M. Accordingly, removal is timely.

6.  The time for 3M to answer, move, or otherwise plead with respect to the SAC has not yet expired.

7.  Concurrent with the filing of this Notice, 3M is serving this Notice on Plaintiff's counsel and filing a copy of the Notice with the Clerk of the Circuit Court for the County of Kent, Michigan.

8.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 112(b) and 1441(a), because the United States District Court for the Western District of Michigan is the federal judicial district and division embracing the Circuit Court for the County of Kent, Michigan, where this action was originally filed.

9.  By filing a Notice of Removal in this matter, 3M does not waive the rights of any Defendant to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and 3M specifically reserves the rights of all Defendants to assert any defenses and/or objections to which they may be entitled.

10. Moreover, 3M reserves the right to amend or supplement this Notice of Removal.

11. If any question arises as to the propriety of the removal of this action, 3M requests the opportunity to present a brief and requests oral argument in support of removal.

12. As shown below, this case is removable to federal court pursuant to CAFA.

## THIS CASE IS REMOVABLE UNDER CAFA

13. Removal of this action is proper pursuant to CAFA, which "provides the federal district courts with 'original jurisdiction' to hear a 'class action' if the class has more than 100 members, the parties are minimally diverse, and the 'matter in controversy exceeds the sum or value of $5,000,000.'" *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) (citing 28 U.S.C. § 1332(d)(2), (d)(5)(B)). To determine whether the amount in controversy requirement under CAFA is satisfied, "the claims of the individual class members shall be aggregated." *Id.* (quoting § 1332(d)(6)).

14. The consent of all defendants to CAFA removal is not required. *See* 28 U.S.C. § 1453(b) ("such action may be removed by any defendant without the consent of all defendants").

### A. The Numerosity Requirement Is Satisfied.

15. Plaintiffs seek to represent a putative class of "[a]ll individuals who are or were owners of real property located in Kent County, who obtain or obtained their water supply from residential wells which have been found to contain PFOA and/or PFOS." SAC ¶ 147.

16. The SAC alleges that the number of putative class members is "great enough such that joinder is impracticable," and that the Michigan Department of Environmental Quality ("MDEQ") "is investigating or has already investigated over 90 areas of possible dumping activities, thus extending into communities with hundreds of private homes." *Id.* ¶ 151.

3

Accordingly, this action satisfies the requirement for removal that "the number of members of all proposed plaintiff classes in the aggregate" is equal to or greater than 100. *See* 28 U.S.C. § 1332(d)(5)(B).

17. The named Plaintiffs invoke Michigan Court Rule 3.501 and seek to represent other persons on a class action basis as alleged in the SAC. *See* SAC ¶ 146.

18. Accordingly, this case is a "class action" within the meaning of CAFA because it is brought pursuant to a "State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *See* 28 U.S.C. § 1332(d)(1)(B).

### B. The Minimal Diversity Requirement Is Satisfied.

19. This Court possesses "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." *See* 28 U.S.C. § 1332(d)(2).

20. Moreover, under CAFA, this action "may be removed to a district court of the United States in accordance with section 1446 . . . without regard to whether any defendant is a citizen of the State in which the action is brought." *See* 28 U.S.C. § 1453(b).

21. The named Plaintiffs are all alleged to be citizens of Michigan. *See* SAC ¶¶ 19-25.

22. Defendant 3M is a Delaware corporation with its principal place of business in Minnesota. Thus, 3M is a citizen of Delaware and Minnesota. *See* SAC ¶ 27.

23. Accordingly, the minimal diversity requirement is satisfied.

### C. The Amount In Controversy Requirement Is Satisfied.

4

24. Under CAFA, the amount in controversy must exceed five million dollars ($5,000,000), exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2). In a putative class action, the amount in controversy is determined by aggregating the claims of all members of the putative class. *See* 28 U.S.C. § 1332(d)(6). "Courts look to the face of the pleadings to determine an amount in controversy." *Klein v. Secura Ins. Co.*, 2014 WL 12659923, at *2 (E.D. Mich. Nov. 4, 2014). Moreover, the Supreme Court has made clear that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). And in "'actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.'" *Cleveland Housing Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 560 (6th Cir. 2010) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). Thus, as the Sixth Circuit has recognized, "the costs of complying with an injunction . . . may establish the amount-in-controversy." *Id.* (internal quotation marks omitted).

25. The amount in controversy in this action exceeds five million dollars ($5,000,000) in the aggregate. The named Plaintiffs seek to recover, *inter alia*, monetary damages to compensate them and putative class members "for the diminution in the value of their properties," "the loss of value, use and enjoyment of their properties," and the alleged "increased cost to obtain potable water, including the costs of alternative potable water sources or the installation and maintenance of an adequate filtration system," as well as monetary damages "sufficient to remediate" their properties "from the contamination [allegedly] caused by Defendants' conduct." *See* SAC at 33 (Prayer for Relief). They further seek injunctive relief requiring the Defendants (i) "to fully remediate Plaintiffs' and [putative] Class Members'

properties so that Plaintiffs' and [putative] Class Members' properties are free from the presence of PFAS, and to provide Plaintiffs and [putative] Class Members with alternative, comparable housing during the remediation period," (ii) to provide "mandatory ongoing testing for PFAS and other chemicals in Plaintiffs' and the [putative] Class's water supplies, and ongoing remediation of those substances as necessary," and (iii) "to provide access to alternative water supplies." *Id.*

26. Given the breadth of the alleged damages and injunctive relief sought, and the Plaintiffs' own allegations regarding the number of putative class members (*see supra*, ¶¶ 15-16), it is apparent on the face of the SAC that at the time of this removal, the aggregate amount in controversy is greater than five million dollars ($5,000,000), exclusive of interest and costs. Accordingly, although 3M denies that Plaintiff or any putative class members are entitled to recover any amount, and denies that Plaintiff or putative class members are entitled to any of the relief sought, the amount in controversy requirement for removal under CAFA is satisfied.

## CONCLUSION

27. Because the numerosity, minimal diversity, and amount in controversy requirements of CAFA are satisfied, this case is subject to removal to federal court.[2]

---

[2] The allegations in this case are similar to those in another putative class action that 3M removed to federal court pursuant to CAFA—*Zimmerman, see supra*, n.1—in which it is uncontested that CAFA's federal subject matter jurisdictional requirements are satisfied. The plaintiffs in *Zimmerman* have supported removal to federal court, agreeing with 3M that that "case satisfie[s] jurisdictional requirements under 28 U.S.C. § 1332(d) and does not fall into any applicable exception." *Id.*, Dkt. 53 at 1. And Defendant Wolverine World Wide, Inc. ("Wolverine"), which is a defendant both in this case and in *Zimmerman*, likewise has acknowledged that *Zimmerman* "satisfies [CAFA's] basic jurisdictional requirements." *Id.*, Dkt. 52 at 2. Wolverine has also acknowledged in *Zimmerman* that there is no basis for the federal court to decline to exercise jurisdiction under either the so-called "discretionary exception" or "home state exception." *Id.* Wolverine has moved to remand *Zimmerman* solely on the ground that the federal court should decline to exercise subject matter jurisdiction based on the so-called "local controversy" exception under 28 U.S.C. § 1332(d)(4)(A). But Wolverine's motion to remand in *Zimmerman* acknowledges that a "requirement of the 'local controversy exception' is that 'during the 3-year period preceding the filing of that class action, no other class action has

WHEREFORE, Notice is given that this action is removed from the Circuit Court for the County of Kent, Michigan, to the United States District Court for the Western District of Michigan.

Dated: November 20, 2018

By: */s/ Joseph M. Infante*
Joseph M. Infante (P68719)
Robert L. DeJong (P12639)
Miller, Canfield, Paddock and Stone, P.L.C.
99 Monroe Avenue NW, Suite 1200
Grand Rapids, MI 49503
(616) 454-8656

Michael A. Olsen
Richard Bulger
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL 60606

*Counsel for Defendant 3M Company*

---

been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.'" *Id.* at 7 (*quoting* 28 U.S.C. § 1332(d)(4)(A)(ii)). 3M and the plaintiffs contest Wolverine's motion to remand and the applicability of the "local controversy" exception to *Zimmerman*, *see id.*, Dkt. 53, 56-1, and Wolverine's motion to remand in that case is still pending. But in any event, the sole "exception" to CAFA jurisdiction on which Wolverine relied in *Zimmerman* is plainly inapplicable here, because *Zimmerman*—which was filed in 2017—*itself* is "[an]other class action … asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons'" that was filed "'during the 3-year period preceding the filing of [this] class action." *Id.*, Dkt. 52 at 7 (quoting 28 U.S.C. § 1332(d)(4)(A)(ii)).

Also pending in *Zimmerman* is a motion filed by 3M to stay that action until the Judicial Panel on Multidistrict Litigation ("JPML") decides a motion to transfer *Zimmerman* and dozens of other cases involving PFAS-related claims against 3M to a single district court for coordinated pretrial proceedings. The JPML has set that motion to transfer for hearing on November 29, 2018, and is expected to issue a decision promptly. 3M intends to identify this case to the JPML as a "related case" that should be transferred as well.

7

## CERTIFICATE OF SERVICE

I certify that on November 20, 2018, I caused a true and correct copy of the foregoing **NOTICE OF REMOVAL,** with its Exhibit, to be served on counsel of record by First Class Mail:

| | |
|---|---|
| Jason J. Thompson<br>Sommers Schwartz, P.C.<br>One Towne Square, 17th Floor<br>Southfield, MI 48076<br>(248) 355-0300<br>*Counsel for Plaintiffs*<br><br>Esther Berezofsky<br>Sarah Hansel<br>Berezofsky Law Group, LLC<br>210 Lake Drive East, Ste. 101<br>Cherry Hill, NJ 08002<br>(856) 667-0500<br>*Counsel for Plaintiffs*<br><br>Edward A. Wallace<br>Bryan D. Pasciak<br>Kara A. Elgersma<br>Wexler Wallace, LLP<br>55 W. Monroe St., Suite 3300<br>Chicago, IL 60603<br>(312) 346-2222<br>*Counsel for Plaintiffs* | Robert Palmer<br>Megan A. Bonanni<br>Jennifer L. Lord<br>Pitt, McGehee, Palmer & Rivers, PC<br>117 West 4th Street, Suite 200<br>Royal Oak, MI 48067<br>(248) 398-9800<br>*Counsel for Plaintiffs*<br><br>Anne McGinness Kearse<br>Thomas David Hoyle<br>Fidelma L. Fitzpatrick<br>Motley Rice, LLC<br>28 Bridgeside Blvd.<br>Mt. Pleasant, SC 29464<br>(843) 216-9000<br>*Counsel for Plaintiffs*<br><br>James Moskal<br>Janet Ramsey<br>Madelaine C. Lane<br>R. Michael Azzi<br>Thomas A. Amon<br>Warner Norcross & Judd LLP<br>111 Lyon, N.W., Suite 900<br>Grand Rapids, MI 49503<br>(616) 752-2000<br>*Counsel for Defendant Wolverine World Wide, Inc.* |

                        */s/ Joseph M. Infante*
                        Joseph M. Infante (P68719)