IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MEGAN JOHNS, MICHAEL JOHNS, ILZE SANDRA STULTS, ADAM TROMPEN, DANIELLE GALLOWAY, JEFF STEENDAM, and QUINN STEENDAM, on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>WOLVERINE WORLD WIDE, INC., a for profit corporation, and The 3M COMPANY, f/k/a MINNESOTA MINING & MANUFACTURING CO., a foreign profit corporation,<br><br>*Defendants*. | Civil Action No. 1:18-cv-1302<br><br>Hon. Janet T. Neff |

**DEFENDANT 3M COMPANY'S
PRE-MOTION CONFERENCE REQUEST**

Pursuant to Section IV(A)(1)(b) of the Court's Civil Practice Guidelines, Defendant 3M Company (3M) requests a pre-motion conference so that it may file a motion to dismiss Plaintiffs' second amended complaint (complaint). The putative-class-action complaint alleges that Defendant Wolverine World Wide, Inc. (Wolverine) released per- and polyfluoroalkyl substances (PFAS) into the environment, allegedly injuring Plaintiffs. Plaintiffs further allege that 3M supplied Scotchgard, a product containing PFAS, to Wolverine, which used and later discharged PFAS into the environment. The complaint raises a single, negligence count against 3M.

Plaintiffs' complaint should be dismissed as to 3M under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief. Subject to 3M's ongoing research, and without waiving any potential arguments, 3M plans to assert the following arguments against the complaint.

**Negligence (Count I)**: Plaintiffs do not adequately allege that 3M owed them a duty of care. *See In re Certified Question from Fourteenth Dist. Ct. of Appeals of Tex.*, 740 N.W.2d 206, 211 (Mich. 2007). Furthermore, several of Plaintiffs' negligence theories are preempted by Michigan's product liability statute. *See Greene v. A.P. Prods., Ltd.*, 717 N.W.2d 855, 859 (Mich. 2006). Nor do Plaintiffs adequately allege that 3M breached any of the other alleged duties.

**Attorneys' Fees**: Plaintiffs do not adequately allege that any statute, court rule, or contract entitles them to recover attorneys' fees. *See Barnes v. Sun Chem. Corp.*, 164 F. Supp. 3d 994, 997-98 (W.D. Mich. 2016); *Haliw v. City of Sterling Heights*, 691 N.W.2d 753, 756 (Mich. 2005).

2

| | |
|---|---|
| Dated:  January 22, 2019 | Respectfully submitted, |
| | |
| | s/Daniel L. Ring_____ |
| | Joseph M. Infante (P68719) |
| | Robert L. DeJong (P12639) |
| | MILLER, CANFIELD, PADDOCK AND STONE, P.L.C. |
| | 99 Monroe Avenue NW, Suite 1200 |
| | Grand Rapids, MI 49503 |
| | (616) 454-8656 |
| | |
| | Michael A. Olsen |
| | Daniel L. Ring |
| | Richard Bulger |
| | MAYER BROWN LLP |
| | 71 South Wacker Drive |
| | Chicago, IL 60606 |
| | |
| | *Counsel for Defendant 3M Company* |

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 22nd day of January, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered with CM/ECF.

/s/Daniel L. Ring
Daniel L. Ring